UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHAWN DUBOSE and MONIQUE McCANN,

        Plaintiffs,
v.                                                **DECISION AND ORDER**
                                                       17-CV-909S
HOME DEPOT U.S.A., INC., *d/b/a Glacier Bay*,
and NAMCE LLC, *d/b/a Glacier Bay*,

        Defendants.

On September 13, 2017, Defendant Home Depot U.S.A. removed this action to federal district court from the New York State Supreme Court, County of Erie. (Docket No. 1.) Plaintiffs filed a motion to remand the action to state court one month later, citing several substantive and procedural deficiencies in Home Depot's removal application, including that the amount in controversy does not exceed $75,000. (Docket No. 7.) In response to Plaintiffs' motion, both defendants concede that the amount-in-controversy requirement for proper diversity jurisdiction cannot be established at this time. (Docket Nos. 10, 11.) Consequently, this Court will grant Plaintiffs' motion and remand this case to the New York State Supreme Court, County of Erie.

A civil action brought in state court may be removed by a defendant to a federal district court of original jurisdiction. See 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions arising under the Constitution, treaties, or laws of the United States, and over all civil actions between citizens of different states, if the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332 (a)(1). Out of respect for states' rights and in keeping with the limited jurisdiction of federal courts, removal

1

jurisdiction is "strictly construed," with all doubts resolved against removal. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007). The removing party bears the burden of establishing proper jurisdiction. United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); Funeral Fin. Sys., Ltd. v. Solex Express, Inc., No. 01-CV-6079(JG), 2002 WL 598530, at *3 (E.D.N.Y. Apr. 11, 2002) (noting that in the face of a motion to remand, the burden falls on the defendant to prove the existence of jurisdiction and that the case is properly in federal court).

Home Depot removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332 (a)(1). It now concedes, however, as does NAMCE, that it cannot establish that the amount in controversy exceeds $75,000. See Docket No. 11 (Home Depot: "we have no evidence plaintiff's [sic] damages will exceed $75,000"); Docket No. 10 (NAMCE: "the 'amount in controversy' requirement may be lacking"). Moreover, Plaintiffs aver upon information and belief that "this matter in controversy does not exceed the sum or value of $75,000." (Docket No. 7-1, ¶ 25.) Consequently, in the absence of proper diversity jurisdiction, this matter must be remanded.

IT HEREBY IS ORDERED, that the Plaintiffs' Motion to Remand (Docket No. 7) is GRANTED.

FURTHER, that the Clerk of Court is directed to transfer this case to the New York State Supreme Court, County of Erie.

FURTHER, that the Clerk of Court is directed to CLOSE this case upon transfer.

SO ORDERED.

Dated: May 8, 2018
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge